Stefanos **FESSAHAIE-GHEBREMARIAN,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 03–72738.
Agency No. A77–353–910.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2005.

Decided Jan. 10, 2006.

David Garfield, Washington, DC, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Jeffrica J. Lee, DOJ–U.S. Department of Justice, Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before BEEZER, HALL, and WARDLAW, Circuit Judges.

## MEMORANDUM [*]

Stefanos Fessahaie–Ghebremarian petitions for review of the decision of the Board of Immigration Appeals (BIA) denying him relief on his application for asylum, withholding of removal, and protection under the Convention Against Torture. We deny the petition for review.

In July 2001, Petitioner, a native and citizen of Ethiopia, filed an application for asylum based on his mixed Ethiopian–Eritrean ethnicity. There is no dispute that the Petitioner was not the subject of past persecution. To make a showing of a well-founded fear of persecution, the Petitioner's fear must be both subjectively genuine and objectively reasonable. *Duarte de Guinac v. I.N.S.*, 179 F.3d 1156, 1159 (9th Cir.1999). The Petitioner satisfied the subjective fear requirement by credibly testifying that he genuinely fears persecution based on his mixed ethnicity. To establish that his fear is objectively reasonable, the Petitioner must show "credible, direct, and specific evidence in the record" of facts supporting his fear of persecution. *Ghaly v. I.N.S.*, 58 F.3d 1425, 1428 (9th Cir.1995) (quoting *Arriaga–Barrientos v. I.N.S.*, 925 F.2d 1177, 1178–79 (9th Cir.1991)). We review the BIA's holding that the Petitioner did not show a well-founded fear of persecution for substantial evidence. *Pedro–Mateo v. I.N.S.*, 224 F.3d 1147, 1150 (9th Cir.2000). Under this highly deferential standard, the Petitioner "must show that the evidence not only *supports* ... but *compels* reversal." *Id.* (internal quotation marks and citation omitted).

Petitioner asserts that based on his sister's arrest and reports of the Ethiopian government deporting and generally mistreating ethnic Eritreans, he fears persecution because of his mixed Ethiopian–Eritrean ethnicity. However, nearly all of the evidence in the record shows that actions against ethnic Eritreans perpetrated by the Ethiopian government ended with the cessation of wartime hostilities between the two nations in 2000. Therefore, contrary to the Petitioner's assertion, the record before us does not demonstrate that the treatment of Eritreans in Ethiopia after the war rose to the level of a "pattern or practice" of persecution. *Kotasz v. I.N.S.*, 31 F.3d 847, 852 (9th Cir.1994). In addition, the Petitioner offered no corroborating evidence to show that his sister was arrested because of her mixed Ethiopian–Eritrean ethnicity. Taken alone, the mere fact that the Petitioner's sister was arrested is insufficient to prove an objectively reasonable fear of persecution, and does not compel us to reverse the BIA's decision.

The BIA's decision that the Petitioner does not have a well-founded fear of perse-

---

cution is supported by substantial evidence in the record, and nothing contained in the record *compels* a contrary finding.

**PETITION FOR REVIEW DENIED.**

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the